While, of course, even in the case of a gratuitous bailment, the bailee who fails to deliver the goods upon demand has the burden of presenting evidence to explain his failure, I think that in this case the bailee has fully met this burden. Where the object of the bailment is so breakable a commodity as glass, and is unreasonably left in the bailee's possession for over two years, and during that time the bailee moves his place of business, I do not think that the bailee can possibly be charged with gross negligence, merely by reason of the breakage during the removal.

In my opinion the judgment should therefore be reversed, with costs, and the complaint dismissed, with costs. All concur.

─────────

(161 App. Div. 878)

### QUICK et al. v. QUICK.

(Supreme Court, Appellate Division, Second Department. April 10, 1914.)

INSURANCE (§ 583*)—LIFE POLICY—BENEFICIARIES—"LEGAL REPRESENTATIVE."
Plaintiff's application for life insurance recited that he was married, and, in answer to the question as to whom he designated to receive the proceeds of the insurance, he wrote the word "estate," and left blank the answer to the next question calling for "his or her relationship to you," whereupon a policy was issued payable to insured, if living on a specified future date, otherwise to his legal representatives. Held, that the words "legal representatives" meant insured's executors or administrators, and not his next of kin; and hence, he having willed the proceeds to a third person, they were payable to his executor for distribution to the legatee.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1459, 1460, 1466, 1485; Dec. Dig. § 583.*

For other definitions, see Words and Phrases, vol. 5, pp. 4070–4079; vol. 8, p. 7704.]

Appeal from Special Term, Kings County.

Action by Henry F. Quick and another against Howard L. Quick, as executor of the estate of Clarence W. Quick, deceased. From a judgment in favor of defendant, plaintiffs appeal. Affirmed.

The opinion of Justice Kelly at Special Term is as follows:

The insurance policy in this case is payable to Clarence W. Quick, * * * herein called the insured, on the 12th day of June, 1927, if the insured be then living, * * * or, upon * * * prior death of the insured, to the legal representatives of the insured. The policy bears date June 12, 1907. Under the terms of the policy, the right of revocation was reserved, and the insured had power to change the beneficiary named upon complying with the rules of the insurance company. On June 27, 1907, 15 days after the issuance of the policy, Mr. Quick made his will, of which he appointed the defendant, his brother, the executor. By this will he gave to one Mary Ellen Quinn, wife of Robert Quinn, all moneys to become due under this insurance policy, as well as under other policies mentioned in the will, reciting his intention "that the said Mary Ellen Quinn should receive all moneys due under said policies, the same as if she were named beneficiary in said policies." All the rest, residue, and remainder of the property he gave, devised, and bequeathed to his wife, Emma Quick. He died May 17, 1912, leaving his widow and one son surviving him. He never changed the beneficiary named in the policy. The question at issue is whether the amount of the insurance should go to the widow and son, or to the executor, to be paid over to Mary Ellen Quinn, as

─────────

directed by the will. What do the words "legal representatives of the insured" mean, when used in the policy with reference to the $1,000 insurance money? Did the insured mean his next of kin, or his executors or administrators? As a general proposition, such words, used in a will with reference to personalty, mean executors or administrators, and that meaning will be attributed to them, unless there be facts to show that they were not used in the ordinary sense. Griswold v. Sawyer, 125 N. Y. 411, 26 N. E. 464; Sulz v. M. R. L. Ass'n, 145 N. Y. 563, 40 N. E. 242, 28 L. R. A. 379; Leonard v. Harney, 173 N. Y. 353, 66 N. E. 2. I think the facts in this case show clearly that the insured intended the money to go to his estate, and that the words must be interpreted in their ordinary sense. The application for insurance is in evidence signed by deceased. After answering the question whether he is single or married, he answers, "Married." The very next question is, "Whom do you designate to receive the proceeds, etc?" and his answer is, "Estate;" and it is significant that the next question, referring to beneficiary, "his or her relationship to you," is followed by a blank or dash. I think Mr. Quick meant that the policy should be administered by his executor, or by bequest in his will. He certainly had his wife and child in mind and deliberately used the word "estate." This is confirmed by his action 15 days later, when he specifically bequeaths this money to Mary Ellen Quinn. He lived for five years thereafter. I cannot judge his motives, or the propriety of his action. He is not here to explain them. I think the money goes to the executor. No costs.

William Liebermann, of Brooklyn, for appellants.

Lewis C. Grover, of Brooklyn, for respondent.

Argued before JENKS, P. J., and BURR, CARR, RICH, and STAPLETON, JJ.

PER CURIAM. Judgment affirmed, with costs, on the opinion of Mr. Justice Kelly at Special Term.

---

## PREST–O–LITE CO. v. AMERICAN AUTO SUPPLY CO.

(Municipal Court of City of New York, Borough of Manhattan, Ninth District. January 28, 1913.)

1. TRADE-MARKS AND TRADE-NAMES (§ 24*)—REGISTRATION—STATUTORY PROVISIONS.

A manufacturer of acetylene gas sold in marked receptacles, which registered and published its trade-mark as required by Domestic Commerce Law 1896 (Laws 1896, c. 376) § 28, protecting the trade-names of any beverage, medicine, perfumery, or mixture put up in any vessel or receptacle, was not entitled to recover the penalty thereunder, when that act is construed in the light of the history of the legislation upon the subject, since the word "mixture," in that section, is limited to mixtures of the same kind as the special articles mentioned.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 27; Dec. Dig. § 24.*]

2. TRADE-MARKS AND TRADE-NAMES (§ 42*)—REGISTRATION—STATUTORY PROVISIONS.

Nor is such manufacturer entitled to recover the penalty imposed by General Business Law (Consol. Laws, c. 20) § 367, protecting the registered trade-mark of any person engaged in manufacturing, etc., any article of merchandise put up in any bottle, vessel, box, package, or other receptacle with his name and trade-mark thereon, where the manufacturer did not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes